Clyde DeWitt
Nevada State Bar No. 9791
California State Bar No. 117911
Texas State Bar No. 05670700
Law Offices of Clyde DeWitt,
    A Nevada Professional Corporation
2300 West Sahara Avenue, Suite 800
Las Vegas, NV 89102
(702) 386-1756; fax (702) 441-0308
clydedewitt@earthlink.net

Counsel for Defendant Roy Chorneyko

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN BARONOWSKY,<br><br>    Plaintiff,<br><br>v.<br><br>ROY CHORNEYKO,<br><br>    Defendant. | Case Number _____<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that DEFENDANT ROY CHORNEYKO hereby removes to this Court the state court action described below.

1.  On May 5, 2021, an action was commenced in the District Court of the State of Nevada in and for the County of Clark, entitled *Kevin Baronowsky Plaintiff, vs. Roy Chorneyko Defendant*, as Case Number A-21-834127-C (the "Complaint" or "Comp."). A copy of the complaint is attached hereto as Exhibit A hereto. THERE ARE NO PARTIES TO THE SUIT OTHER THAN THE AFORESAID PLAINTIFF AND DEFENDANT.

2. The first date upon which defendant Roy Chorneyko received a copy of the said complaint was on May 10, 2021 when defendant was sent by email a copy of the aforesaid complaint and the summons.[1]  A copy of the summons is attached hereto as Exhibit B hereto.

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between a citizen of the state of Nevada, on the one hand and, on the other hand a subject of a foreign state; and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as fully explained below.[2]

4. ***There is complete diversity:*** Complete diversity of citizenship exists because the only plaintiff, Kevin Baronowsky, is a citizen of the State of Nevada (Comp. ¶ 1) and the only defendant, Roy Chorneyko is a citizen of the Province of Alberta, Canada (Comp. ¶ 2).

5. ***Removal is timely:*** The Original Complaint in this case designated the amount in controversy only as in excess of $15,000. However, if the initial complaint does not seek relief in excess of the jurisdictional minimum amount in controversy, but events subsequent to that filing then provide the requisite amount in controversy, removal may take place within 30 days of that change. 28 U.S.C. § 1446(b)(3) & (c)(3)(A); *E.g.*, *Paros Properties LLC v. Colorado Casualty Insurance Company*, 2016, 835 F.3d 1264 (10th Cir. 2016); *Tokarz v. Texaco Pipeline, Inc.*, 856 F.Supp. 403, 404 (N.D. Ill. 1993). In a case not originally removable, a defendant who

---

[1] As will be seen from what follows, whether this constitutes valid service is immaterial.

[2] Unless otherwise specified, any reference herein to the amount in controversy herein is exclusive of interest and costs.

**Page 2**

NOTICE OF REMOVAL

Case Number _____

receives a pleading or other paper indicating the post-commencement satisfaction of federal jurisdictional requirements, for example, by reason of the dismissal of a non-diverse party, may remove the case to federal court within 30 days of receiving such information. *E.g.*, *Aranda v. Foamex Intern.*, 884 F.Supp.2d 1186 (D.N.M. 2012). Plaintiff's Exemption Request, as explained below, served November 3, 2021 is such a pleading.

    6. ***The amount in controversy now exceeds $75,000, exclusive of interest and costs:***

        a. With respect to the amount in controversy, the Original Complaint in this case alleged only in excess of "an amount in excess of $15,000" with respect to each claim for relief, in any event less than the $75,000 jurisdictional amount for removal.[3]

        b. Other than that Original Complaint, Plaintiff neither filed nor served any document further addressing the amount in controversy until November 3, 2021, when Plaintiff filed and served his Request for Exemption from Arbitration (the "Exemption Request"), a copy of which is Exhibit C hereto. There, in the process of attempting to establish that Plaintiff was seeking over $50,000 in damages, Plaintiff made clear that substantially in excess of $75,000 is being sought.

        c. While the Exemption Request on its face claims only an excess of $50,000, its substance screams otherwise:[4] "[I]t is highly likely a jury would

---

[3] Even if the claims for relief were cumulative, which they are not, the four claims for relief as alleged in the original complaint would be $60,000, less than the requisite jurisdictional amount for removal.

[4] The Tenth Circuit has concluded that simply checking a box on a pleading comparable to the Exemption Request here suffices to provide notice that the amount in controversy exceeds the jurisdictional amount. *Paros Properties LLC v.*

award Mr. Baronowsky an amount in excess of $50,000." Exemption Request, p. 2, *ll.* 17-18.  Plaintiff goes on to cite a string of defamation cases from Nevada and elsewhere with verdicts ranging from $250,000 (*Id.*, p. 3, *ll.* 24-25) at the low end; the remainder of the cited verdicts are in the millions (*Id.*, p. 3, *l.* 20 to p. 4, *l.* 23).  The Exemption Request concludes, "no artist could reasonably sketch this case with an award of less than $50,000 in damages."

  d. Notably, Plaintiff could have filed this case in United States District Court if so desired based upon diversity and amount in controversy, as noted above.  Here, Plaintiff has artfully avoided saying in so many words that the amount in controversy exceeds $75,000.  Plaintiff's strategy is transparent: Plaintiff would not be required to disclose his calculation of damages until his initial disclosures pursuant to NEV. R. CIV. PROC. 16.1(a)(1)(A)(iv).[5]  However, by the time the early case conference has occurred, NEV. R. CIV. PROC. 16.1(b), and the additional 14 days are allowed for initial disclosures has elapsed, NEV. R. CIV. PROC. 16.1(a)(1)(C), more than 30 days will have elapsed since the filing of the Exemption Request.  That having occurred, Plaintiff will claim that removal by then is untimely because the Exemption Request gave notice of the amount sought.[6]

---

*Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016).

[5] "Except as exempted by Rule 16.1(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: . . . [¶] (iv) a computation of each category of damages claimed by the disclosing party--who must make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; . . ."

[6] Notably, while it is a plaintiff's responsibility to convene an early case conference, failure to do so is not necessarily fatal. *Dornbach v. Tenth Jud. Dist. Ct. (Ellingwood, et al.)*, 130 Nev. 305, 310, 324 P.3d 369, 373 (2014).

     e.     The circumstances are more than adequate to establish amount in controversy by the required preponderance of the evidence. *E.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008), *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996).

     f.     Further, in the improbable event that Plaintiff moves to remand on the grounds that the amount in controversy is less than $75,000, "to the extent that a defendant must rely on the federal discovery process to produce this evidence (perhaps because [as here] there was no time to do so in state court) he may ask the court to wait to rule on the remand motion until limited discovery has been completed." *McPhail v. Deere & Co.*, 529 F.3d at 954, citing with approval *McCraw v. Lyons*, 863 F.Supp. 430, 435 (W.D. Ky.1994)..

7.     Accordingly, as fully explained above, removal at this juncture is proper.

Dated: November 7, 2021.     Respectfully Submitted,

     CLYDE DeWITT
     LAW OFFICES OF CLYDE DeWITT, APC

By:  */s/ Clyde DeWitt*
     Clyde DeWitt

Counsel for Defendant Roy Chorneyko

# PROOF OF SERVICE BY MAIL

[Pursuant to FED. R. CIV. PROC. 5; NEV. R. CIV. PROC. 5; and CAL. C. CIV. PROC. § 1013a(3)]

I work at the Law Offices of Clyde DeWitt. I am over the age of eighteen years and not a party to the above- captioned action.

I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service and, in the ordinary course of business, any correspondence delivered to our firm's mail room employee(s) is routinely deposited with the United States Postal Service on the same day.

On the date shown below, I served the foregoing document on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope, first class, with postage thereon fully prepaid, and either: (1) personally delivering it to our firm's mail room employee(s) for deposit with the United States Postal Service pursuant to our firm's ordinary business practice; or (2) personally depositing such correspondence directly in the United States mail, addressed as follows:

**Marc J. Randazza, Esq.**
**Alex J. Shepard, Esq.**
**Randazza Legal Group, PLLC**
**2764 Lake Sahara Drive, Suite 109**
**Las Vegas, NV 89117**

I declare under penalty of perjury under the laws of the United States, of the State of Nevada and of the State of California that the foregoing is true and correct.

Executed on November 7, 2021.

                                              ./s.  *Clyde DeWitt*
                                              CLYDE DeWITT

NOTICE OF REMOVAL

Case Number _____